UNITED STATES of America, Appellee,

v.

**Winston TRACY, Appellant.**

UNITED STATES of America, Appellee,

v.

**Rachel ANDERSON, Appellant.**

UNITED STATES of America, Appellee,

v.

**Oral WHYTE, Appellant.**

UNITED STATES of America, Appellee,

v.

**Neville A. TAYLOR, Appellant.**

Nos. 87–1323, 87–1324, 87–1353, 87–1477.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1987.

Decided Jan. 4, 1988.

Rehearing Denied Feb. 9, 1988.

William S. Ohlemeyer, Kansas City, Mo., for appellants.

Peter Ossorio, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.

FAGG, Circuit Judge.

After the district court denied their joint motion to suppress evidence, Winston Tracy, Rachel Anderson, Oral Whyte, and Neville A. Taylor pleaded nolo contendre to the charge of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). In doing so, they reserved the right to appeal the suppression issue. The district court then entered judgment and sentence. All defendants now appeal and we affirm.

In August 1986, local police in Kansas City, Missouri, received information from a confidential informant about the drug-related activities of certain Jamaican males living in a duplex in Kansas City. A few weeks later, using marked currency, an undercover agent with the Drug Enforcement Agency (DEA) purchased cocaine that was traced to this duplex. On that same day and based on all the gathered information, the police obtained a state warrant to search the duplex. The police and two DEA agents then executed the warrant, recovering a large amount of cocaine and other drugs, several scales and weapons, the marked currency, and approximately nineteen thousand dollars in cash. Law enforcement officials encountered no barricades or fortifications when entering and executing the warrant.

In their joint motion to suppress the evidence found in the search, appellants contended: the warrant was not supported by probable cause; law enforcement officials failed to act in good faith when they relied on the flawed warrant; and law enforcement officials failed to comply with the "knock and announce" requirement prescribed by 18 U.S.C. § 3109. Following several evidentiary hearings, the district court found the warrant was supported by probable cause and exceptions to the knock and announce rule were applicable under the facts of this case. Accordingly, the district court denied the motion.

On appeal defendants again assert the search warrant was not supported by probable cause. They also contend the district court committed error when it determined exceptions to section 3109 were applicable. We reject both arguments.

In considering defendants' first contention, we must "ensure [only] that the [judicial officer issuing the warrant] had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)); *see Massachusetts v. Upton*, 466 U.S. 727, 728, 104 S.Ct. 2085, 2086, 80 L.Ed.2d 721 (1984) (per curiam). Here, the warrant application reflected that an informant told police she had accepted five hundred dollars from a Jamaican male to cosign a lease with him and defendant Anderson for a Kansas City duplex. This individual also asked the informant to rent other houses and vehicles for him, but she refused to do so. Significantly, the police knew Karl Winston, a Jamaican male who purportedly was in control of Jamaican cocaine traffic in Kansas City, often used local women to rent houses for storing and selling his cocaine.

Although the informant originally agreed to live in one unit of the duplex while the individual who approached the informant, Anderson, and Anderson's Jamaican boyfriend all lived in the other unit, the informant changed her mind. She knew these men were selling cocaine at other locations and feared they were also selling drugs from the duplex for which she cosigned the lease. As a result, only the Jamaican men and Anderson shared the duplex.

The warrant application also stated that during the same month and in cooperation with a DEA agent, another informant arranged a cocaine purchase from Peter Touch, a Jamaican male, also referred to by the parties as Peter Spangie or Clinton Sherwood. After meeting Touch at a street location in Kansas City, Touch instructed the informant and agent to wait there while he went to Karl Winston's house to pick up the "stuff." Touch, followed by other undercover agents, drove to the duplex. He stayed in the duplex only a few minutes and drove immediately to meet the informant and DEA agent. On his return Touch handed a bag of cocaine to the agent in exchange for one thousand dollars in cash.

After receiving the money, Touch, again followed by agents, returned directly to the duplex and stayed approximately fifteen minutes. He then drove to a service station where officers arrested him. At the time of his arrest, Touch had only three dollars on his person.

Thus, through surveillance and a recently completed undercover drug transaction, police were able to corroborate much of the information obtained from the first informant. Under all these circumstances viewed in a common-sense manner, we agree with the district court that the state court had a substantial basis for concluding probable cause existed.

Defendants next argue the district court should have suppressed the evidence because law enforcement officials failed to announce their purpose before entering each unit in the duplex. *See* 18 U.S.C. § 3109. We disagree.

Under section 3109, an officer executing a search warrant may break open a door or other part of a house "if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant." *Id.* While in general an officer must announce his authority and

purpose before breaking open a door, several exceptions exist to this rule. *See Sabbath v. United States*, 391 U.S. 585, 591 n. 8, 88 S.Ct. 1755, 1759 n. 8, 20 L.Ed.2d 828 (1968) (referring to the exceptions stated in *Ker v. California*, 374 U.S. 23, 47, 83 S.Ct. 1623, 1636, 10 L.Ed.2d 726 (1963) (Brennan, J., concurring and dissenting), as being applicable to section 3109 cases).

■ Announcement of purpose is excused when it constitutes a useless gesture because the "facts known to [the] officers * * * justify them in being virtually certain * * * the [persons to be apprehended] already know[ ] their purpose." *Miller v. United States*, 357 U.S. 301, 310, 78 S.Ct. 1190, 1196, 2 L.Ed.2d 1332 (1958); *see United States v. Kulcsar*, 586 F.2d 1283, 1286 (8th Cir.1978). In addition, announcement of purpose is excused when the officers reasonably believe the persons to be apprehended might destroy evidence during a delay in police entry. *See Ker*, 374 U.S. at 47, 83 S.Ct. at 1636 (Brennan, J., concurring and dissenting); *Kulcsar*, 586 F.2d at 1287.

■ Here, in executing the warrant, the officers knocked, identified themselves, and indicated the occupants should open the door. The officers, however, did not announce their purpose or refer to a search warrant. When no response came from inside the duplex, the officers broke the locked doors down to gain entrance. Because the officers did not announce their purpose before entering, we must determine whether, under the facts of this case, their actions come within an exception to the rule.

After Touch was arrested but before the warrant was executed in this case, a police officer watched the duplex for several hours. He observed two Jamaican males, later identified as defendants Tracy and Taylor, carry several lengthy boards into the duplex. The men carried the boards into the duplex intermittently, spending some time in the house before returning outside. From his past experience with Jamaican drug houses, the officer then believed the men were fortifying the duplex to prevent entry by police. Further, during this period, defendants Anderson and Whyte arrived at the duplex and went inside with Tracy and Taylor. Anderson and Whyte stayed for ten minutes before leaving.

While outside the duplex, Tracy and Taylor talked with another man who then walked over to the parked van where the officer was hiding. The man peered inside and immediately returned to speak to Tracy and Taylor. The officer then believed Tracy and Taylor were attempting to obtain information about the van. In addition, Tracy and Taylor themselves appeared to be acting as "lookouts" by often monitoring the surrounding area and street.

Thus, the officers knew the duplex was occupied by Jamaicans and had been referred to as Karl Winston's place, a drug house. Because of their previous experience with Jamaican drug houses and their surveillance of the duplex here, the police believed the duplex was fortified and that the defendants were monitoring the area around the duplex. In addition, the police knew an undercover drug transaction occurred that day involving cocaine from the duplex, and the police believed they had arrested the defendants' intermediary, Peter Touch. Finally, as they approached the duplex, the police knew that at least two Jamaican men were inside.

Under these circumstances, we agree the officers could have justifiably believed defendants were anticipating their arrival and knew their purpose. Thus, announcing their purpose would have been a useless gesture. *See Miller*, 357 U.S. at 310, 78 S.Ct. at 1196; *Kulcsar*, 586 F.2d at 1286. Further, we also agree with the district court that the officers were justified in their actions due to exigent circumstances. Based on their knowledge of this specific drug house and other Jamaican drug houses, the officers could have reasonably believed the announcement would cause evidence to be destroyed before the officers could surmount the anticipated hindrances to their entry and execution of the search warrant. *See Ker*, 374 U.S. at 47, 83 S.Ct. at 1636 (Brennan, J., concurring and dissenting); *Kulcsar*, 586 F.2d at 1287.

We have considered all of the defendants' arguments, including their contention the search warrant fails under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and after a thorough review of the record, we affirm.