———————

No. 95-3999

———————

United States of America,            *
                                     *
          Appellee,                  *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Southern District of Iowa.
Edgar Eugene Burke, Jr.,             *
                                     *       [PUBLISHED]
          Appellant.                 *


———————

                Submitted: June 28, 1996

                   Filed: July 10, 1996

———————

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

———————

PER CURIAM.


     Edgar Eugene Burke, Jr., pleaded guilty to possessing cocaine, in
violation of 21 U.S.C. § 844 (Count I); and to two other drug offenses, in
violation of 21 U.S.C. § 841(a)(1).  The district court[1] denied Burke's
request for sentencing under U.S.S.G. § 5C1.2 ("safety-valve provision"),[2]

———————

     [1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

     [2]Section 5C1.2 provides as follows:

In the case of an offense under 21 U.S.C. § 841, § 844, § 846, §
960, or § 963, the court shall impose a sentence in accordance with
the applicable guidelines without regard to any statutory minimum
sentence, if the court finds that the defendant meets the criteria
in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:

(1)  the defendant does not have more than 1 criminal history
point, as determined under the sentencing guidelines;

(2)  the defendant did not use violence or credible threats of

after finding that Burke's possession

---

violence or possess a firearm or other dangerous weapon (or induce
another participant to do so) in connection with the offense;

(3)  the offense did not result in death or serious bodily injury
to any person;

(4) the defendant was not an organizer, leader, manager, or
supervisor of others in the offense, as determined under the
sentencing guidelines and was not engaged in a continuing criminal
enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the
defendant has truthfully provided to the Government all information
and evidence the defendant has concerning the offense or offenses
that were part of the same course of conduct or a common scheme or
plan, but the fact that the defendant has no relevant or useful
other information to provide or that the Government is already
aware of the information shall not preclude a determination by the
court that the defendant has complied with this requirement.

of a firearm was conduct relevant to Count I, and that he possessed the firearm "in connection with" that drug offense.  The district court sentenced Burke to concurrent sentences of 12 months for the section 844 offense and 60 months each for the section 841 offenses, and a total of four years supervised release.  Burke appeals, and we affirm.

Burke argues that the district court erred in not sentencing him under the safety-valve provision because there was insufficient evidence to prove he possessed the firearm "in connection with" Count I.  Burke, however, does not dispute that his possession of the firearm constituted relevant conduct for purposes of Count I.  See U.S.S.G. § 5C1.2, comment. (n.3).  Although we have not previously addressed the meaning of "in connection with" as used in section 5C1.2(2), we have interpreted identical language used in U.S.S.G. § 2K2.1(b)(5).  Under that section, a defendant receives an enhancement if he used or possessed a firearm "in connection with" another felony offense.  In United States v. Johnson, 60 F.3d 422, 423 (8th Cir. 1995) (per curiam), we held that the government was not required to show a firearm was actually used to facilitate

a felony offense to support a section 2K2.1(b)(5) enhancement. <u>See also</u> <u>United States v. Gomez-Arrellano</u>, 5 F.3d 464, 466-67 (10th Cir. 1993) ("in connection with" element of § 2K2.1(b)(5) is satisfied if government showed weapon facilitated or had potential to facilitate drug offense; weapon's physical proximity to drugs may be sufficient to prove nexus); <u>United</u> <u>States v. Condren</u>, 18 F.3d 1190, 1197-1200 (5th Cir.) (firearm was possessed "in connection with" drug felony under § 2K2.1(b)(5) where firearm was merely present in location near drugs where it could be used to protect them), <u>cert. denied</u>, 115 S. Ct. 161 (1994). We believe "in connection with" should be consistently interpreted here. Accordingly, we conclude the district court correctly determined that Burke was not eligible for sentencing under the safety-valve provision.

Finally, because Burke had been previously discharged from state custody, the district court did not err by denying his request for sentencing under U.S.S.G. § 5G1.3(b) (imposition of sentence on defendant subject to undischarged term of imprisonment).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.