No. 96-2652SD

John Howard Wright,                    *
                                       *
            Appellant,                 *
                                       *
     v.                                *  Appeal from the United States
                                       *  District Court for the
United States of America,              *  District of South Dakota,
                                       *  Southern Division.
            Appellee.                  *


Submitted:  March 11, 1997

Filed: May 7, 1997


Before WOLLMAN and BEAM, Circuit Judges, and LAUGHREY,[1] District
Judge.


LAUGHREY, District Judge.

     John Howard Wright appeals from the district court's[2] Order denying
his 18 U.S.C. § 3582(c)(2) motion to modify his sentence.  We affirm.


     Wright pled guilty to an Information charging manufacture of
marijuana in violation of 21 U.S.C. § 841(a)(1).  On September 22, 1994,
the district judge sentenced Wright to 76 months in prison and four years
supervised release.  We affirmed Wright's conviction and sentence on direct
appeal.  United States v. Wright, 56 F.3d 69

---

     [1]The Honorable Nanette K. Laughrey, United States District
Judge for the Eastern and Western Districts of Missouri, sitting
by designation.

     [2]The Honorable Lawrence L. Piersol, United States District
Judge for the District of South Dakota.

(8th Cir. 1995). Wright later filed this § 3582(c)(2) Motion to Modify his Sentence. Section 3582(c)(2) permits modification of a sentence after a provision of the Sentencing Guidelines has been amended. To justify resentencing, Wright relied on an amendment to Section 2D1.1(c)n.(E) of the Sentencing Guidelines which altered the method for quantifying marijuana.

Even after this amendment was taken into account, Wright still faced a mandatory minimum sentence of 60 months because his offense involved more than 100 marijuana plants. On resentencing, Wright attempted to avoid the imposition of the mandatory minimum by arguing that the district judge should apply the "safety valve" provision in 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The safety valve provision permits a court to impose a sentence without regard to a statutory minimum if certain conditions are met. One of the conditions is that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." 28 U.S.S.G. § 5C1.2(2). In this case the district court found that the safety valve did not apply because the defendant possessed a firearm in connection with his drug offense. The sole issue on appeal is the propriety of this finding.

We review the district judge's factual findings under the clearly erroneous standard and we give due deference to his application of the guidelines. United States v. Kalb, 105 F.3d 426 (8th Cir. 1997); United States v. Berndt, 86 F.3d 803, 810 (8th Cir. 1996). This court will not reverse a district court's conclusion that a weapon is connected to the offense of conviction unless it is clearly erroneous. United States v. Betz, 82 F.3d 205 (8th Cir. 1996). A defendant seeking relief under the safety valve has the burden to show that each condition of the statute has been satisfied. United States v. Gambino, 106 F.3d 1105 (2d Cir.

1997)(under Sentencing Guidelines the party that seeks adjustment generally bears the burden of proof, *citing* U.S.S.G. § 1B1.1, et seq.); United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir. 1996); United States v. Ramirez, 94 F.3d 1095, 1100-02 (7th Cir. 1996); United States v. Verners, 103 F.3d 108 (10th Cir. 1996).

The applicable facts are largely undisputed. Wright was arrested on a rural road as he loaded crates of marijuana plants into a van. He and his accomplice, Riley, were in the process of planting the marijuana in the field of an unsuspecting farmer. They had brought the marijuana plants from Colorado in a pickup truck and had been staying at a motel in the area while they traveled at night to different farms in the area to deposit their plants. When the motel room was searched following Wright's arrest, the officers found $6500 in cash, handwritten maps showing the location of 602 marijuana plants and a large cache of weapons which Wright admitted were his. The district judge found that these weapons had been transported to South Dakota in the pickup truck along with the marijuana. Wright's psychiatrist testified at an earlier sentencing that Wright had paranoid delusions and acquired these firearms "primarily" for the purpose of protecting himself from members of organized crime who were attempting to kill him. The district judge found that Wright possessed the guns, in part, because of his "paranoid delusions," but also found that he possessed the guns, in part, because of his marijuana operation.

The factual findings made by the district judge are well supported by the record and not clearly erroneous. The only remaining question is whether the district judge correctly applied these facts when he concluded that the safety valve provision did not apply.

Our court addressed a similar question in United States v. Burke, 91 F.3d 1052 (8th Cir. 1996). We held that for purposes of 18 U.S.C. § 3553(f) and Section 5C1.2(2) of the Sentencing Guidelines, a firearm is used in connection with an offense if the "weapon facilitated or had the potential to facilitate [the] drug offense." *Id*. at 1053. While the guns at the motel were not in Wright's possession at the time he was arrested, they were in his possession at the time he traveled with the marijuana to South Dakota and were available to him while he traveled between the targeted farms and his motel room. The motel room also contained indicia of drug trafficking, the $6500 in cash and the maps locating the marijuana plants. Merely because the guns were not in his possession at the time of his arrest does not mean he did not possess them in connection with his offense, the manufacture of marijuana. United States v. Wilson, 106 F.3d 1140 (3d Cir. 1997)(Defendant did not possess weapons at time of arrest but had possessed weapons in connection with drug dealing during the previous year.) Wright's offense was ongoing, the weapons were found at the motel which was the focal point of the drug planting operation, he transported the guns with the marijuana, and other indicia of drug trafficking were found in the motel room in close proximity to the guns. It is clear that the defendant did not meet his burden of showing that he did not possess these firearms in connection with his drug offense. Thus, we affirm the district court's refusal to apply the safety valve provision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEAL, EIGHTH CIRCUIT.