# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————————

No. 98-3266EM

——————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Kenyun Robinson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

——————————

Submitted: February 23, 1999
Filed: March 4, 1999

——————————

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

——————————

PER CURIAM.

Kenyun Robinson appeals his sentence for possession with intent to distribute over 100 grams of cocaine base. Robinson contends the district court improperly refused to apply the sentencing guidelines safety-valve provision and sentence him below the statutory mandatory minimum sentence. We disagree and affirm.

Under the safety-valve provision, a defendant may be sentenced within the applicable guidelines range notwithstanding any statutory minimum sentence if, among other things, "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another

participant to do so) in connection with the offense." U.S. Sentencing Guidelines Manual § 5C1.2(2) (1998). The defendant has the burden to show each condition of the safety-valve provision has been satisfied. See Wright v. United States, 113 F.3d 133, 134 (8th Cir. 1997).

In his plea agreement, Robinson adopted the factual narration about his arrest contained in a magistrate judge's report and recommendation. See United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990) (court may rely on stipulations between government and defendant in determining facts relevant to sentencing). That narration, and other facts recited in the plea agreement, show Robinson jumped out of a parked car when police officers discovered he was carrying crack cocaine, striking one officer with the car door. Robinson then struggled with the officers while trying to throw the crack cocaine over a fence. According to Robinson's presentence report (PSR), he kicked and pushed the officers during the struggle. See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam ) (district court may accept as true the factual allegations contained in PSR not specifically objected to by parties). Having carefully considered the record, we conclude the district court's finding that Robinson used violence in connection with his offense is not clearly erroneous. Thus, Robinson was ineligible for safety-valve relief.

We affirm Robinson's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-