# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4111

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Terrance Anthony Vasser West, true | * | District of Minnesota. |
| name James D'Andre Rankin, also | * | |
| known as Jarue, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 2, 1999

Filed:  December 7, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Terrance West pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846.  The district court[1] sentenced Mr. West to 78 months imprisonment and 5 years supervised release.  He appeals, and we affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

For reversal, Mr. West argues the district court erred in denying his request for a minimal-participant reduction, and in assessing a dangerous-weapon enhancement. At sentencing, government witnesses testified that they saw Mr. West sell cocaine base, that he worked independently, and that sometimes he told other coconspirators what to do. Additionally, Mr. West admitted he had sold an amount of cocaine base that is far more than the amount of cocaine base attributed to him in calculating his base offense level. We conclude the district court did not clearly err in concluding Mr. West was not a minimal participant. See United States v. Alaniz, 148 F.3d 929, 937 (8th Cir.), cert. denied, 119 S. Ct. 604 (1998); United States v. Belitz, 141 F.3d 815, 818-19 (8th Cir. 1998).

We also conclude the district court did not clearly err in assessing a dangerous-weapon increase based on a government witness's testimony--which the district court specifically credited--that Mr. West usually possessed a firearm when he was present at the witness's residence, from which Mr. West sold drugs. See United States v. Dolan, 120 F.3d 856, 871 (8th Cir. 1997); Wright v. United States, 113 F.3d 133, 135 (8th Cir. 1997); United States v. Burke, 91 F.3d 1052, 1052-53 (8th Cir. 1996) (per curiam).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.