# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2351

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Amanda Jaques, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  January 31, 2000
Filed:    February 9, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

Amanda Jaques appeals the final judgment entered in the District Court[1] for the District of South Dakota upon her guilty plea to one count of conspiring to distribute and to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. The district court sentenced her to 121 months imprisonment, 5 years supervised release and a fine of $1,000. For reversal, Jaques argues the district court erred in denying her request for sentencing under the safety-valve provision and for a

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

minor-role reduction.  For the reasons discussed below, we affirm the judgment of the district court.

The safety-valve provision allows a drug defendant to be sentenced within the otherwise applicable Guidelines range without regard to any statutory minimum sentence if, among other things, "the defendant did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."  U.S.S.G. § 5C1.2(2) (1998).  We conclude the district court did not clearly err in denying Jaques a safety-valve adjustment.  See United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999) (standard of review), petition for cert. filed, No. 99-1139 (U.S. Jan. 6, 2000).  In particular, we note from co-defendant Monee Yodprasit's trial that Jessica Aas testified that (in the context of visits related to drug dealing) she had seen Jaques in possession of a firearm, which Jaques kept in her purse, and that Brian Farmer testified that Jaques wanted him to obtain a firearm for her.  The district court specifically credited this testimony, despite concerns it had regarding Aas's credibility as to other testimony.  Thus, we conclude the evidence was sufficient to establish that Jaques possessed a firearm in connection with the offense.  See United States v. Dolan, 120 F.3d 856, 871 (8th Cir. 1997); Wright v. United States, 113 F.3d 133, 135 (8th Cir. 1997); United States v. Burke, 91 F.3d 1052, 1052-53 (8th Cir. 1996) (per curiam).  We reject as meritless Jaques's argument that she was improperly denied an opportunity to cross-examine Aas and Farmer at sentencing because of the district court's reliance on transcripts of the testimony they gave at Yodprasit's trial, over which the district court also presided.  See United States v. Weekly, 118 F.3d 576, 582 (8th Cir. 1997); United States v. Fetlow, 21 F.3d 243, 250 (8th Cir.), cert. denied, 513 U.S. 977 (1994).

We also conclude the district court did not clearly err in finding Jaques was not a minor participant.  See United States v. McCarthy, 97 F.3d 1562, 1574, 1579 (8th Cir. 1996) (standard of review), cert. denied, 519 U.S. 1139, 520 U.S. 1133 (1997).  Jaques conceded that she handled drug proceeds and money for drug buys, kept track

of drug debts, purchased methylsulfonylmethane for Yodprasit, conducted drug transactions with methamphetamine buyers on a couple of occasions when Yodprasit was unavailable, and rented motel rooms for drug transactions. See United States v. Alaniz, 148 F.3d 929, 937 (8th Cir.), cert. denied, 525 U.S. 1047 (1998); United States v. Jones, 145 F.3d 959, 963 (8th Cir.), cert. denied, 525 U.S. 988 (1998); United States v. Harris, 974 F.2d 84, 86 (8th Cir. 1992).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.