# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2829

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Theresa Weaver, also known as | * | |
| Theresa Fletcher, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  March 3, 2000

Filed:  July 6, 2000

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Theresa Weaver pleaded guilty to conspiring to manufacture methamphetamine in violation of 21 U.S.C. §§ 841 and 846.  She appeals her mandatory minimum sentence of ten years in prison and five years of supervised release, arguing that the government violated the plea agreement by refusing to file a downward-departure

motion under 18 U.S.C. § 3553(e), and alternatively that the district court[1] erred in finding that the government had a rational basis not to file the motion. We affirm.

At Weaver's sentencing hearing, Assistant U.S. Attorney David Barnes conceded that Weaver had given considerable assistance to the government's investigation and prosecution of other drug offenders, including offering to testify against one defendant who pleaded guilty before trial. However, Barnes decided not to file a downward departure motion because Weaver had testified as a defense witness in another drug case, and Barnes agreed with the AUSA in charge of that case, Katharine Fincham, that Weaver had given false testimony that undermined the testimony of a key government witness. Weaver's counsel argued that she should have been believed, and in any event that this credibility dispute between Weaver and another witness in another trial was an irrational basis upon which to withhold a substantial assistance motion.

The district court then held a thorough evidentiary hearing on this issue, which included submission of a lengthy affidavit and testimony by Fincham explaining the basis for her opinion that Weaver had testified falsely in the other case. Cf. United States v. Pipes, 125 F.3d 638, 641 (8th Cir. 1997), cert. denied, 523 U.S. 1012 (1998) (remanding for a hearing in a rather similar situation). At the conclusion of this hearing, the court found (i) that Barnes and Fincham rationally believed that Weaver gave false testimony in the other case (the court itself made no finding as to whether Weaver had been truthful); and (ii) that Barnes's decision not to file a substantial assistance motion for this reason was "rationally related to [a] legitimate Government end." Wade v. United States, 504 U.S. 181, 186 (1992). Accordingly, lacking a substantial assistance motion, the court concluded that it had no authority to depart downward from the

---

[1]The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, who to our great regret has passed away since completing his work on this case.

mandatory minimum sentence based upon Weaver's substantial assistance. See United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994).

On appeal, Weaver first argues that the government has conceded she provided substantial assistance in other investigations before her alleged false testimony. Therefore, the government was obligated to file a substantial assistance motion under the portion of paragraph 9 of the plea agreement that provides:

> Upon the determination by the United States Attorney . . . that the defendant has provided "substantial assistance," the government shall request the Court to reduce the sentence defendant would otherwise receive under . . . 18 U.S.C. § 3553(e).

However, Weaver's argument overlooks the remaining portion of paragraph 9:

> The government reserves the right to make the sole determination as to whether and when the defendant has provided such substantial assistance and further whether to request a reduction generally or a specific sentence or sentence reduction.

This provision expressly preserved the government's discretion to decide "whether and when" Weaver had provided sufficiently substantial assistance. See United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999). The government acted within the scope of that discretion in weighing the value of Weaver's prior assistance against the detrimental effect of her subsequent failure (in the government's view) to give truthful testimony in another drug prosecution. See United States v. Licona-Lopez, 163 F.3d 1040 (8th Cir. 1998). And Weaver's allegedly untruthful testimony related directly to her overall assistance, so this is not a case where the government's refusal to file the motion was "based entirely upon a reason unrelated to the quality of [the defendant's] assistance." United States v. Anzalone, 148 F.3d 940, 941 (8th Cir. 1998).

Alternatively, Weaver argues that the government's refusal to file the motion was irrational because her allegedly false testimony was truthful and the government attorneys had no valid basis for believing it was not. The district court conducted a full hearing on this issue and found that Barnes and Fincham had a rational, good-faith basis for believing Weaver had given false testimony in the other case. This credibility determination is not clearly erroneous. It is well-settled that a legitimate belief the defendant's cooperation has been untruthful is a sufficient basis, under the governing standard of Wade, for refusing to file a substantial assistance motion. "Refusing to file a motion for a defendant who has not been completely truthful with authorities advances the legitimate governmental interest in providing an incentive for defendants to cooperate fully." Licona-Lopez, 163 F.3d at 1042. Accordingly, we have no legal basis to reverse the denial of a downward departure.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-