# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1657

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Andrew Niccademous Tyler, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 17, 2000

Filed:  January 24, 2001

_____

Before BEAM, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Andrew Tyler was arrested by the police after they executed a search warrant and found evidence implicating him in drug crimes.  Pursuant to Fed. R. Crim. P. 11(a)(2),  Mr. Tyler entered a conditional plea of guilty to two counts of possession of crack cocaine with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and the district court sentenced him to 120 months of imprisonment.

On appeal, Mr. Tyler challenges the district court's denial of his motion to suppress evidence uncovered by the search and argues that his sentence was improper. We affirm the district court[1] in all respects.

I.

Mr. Tyler maintains first that the district court should have suppressed the incriminating evidence that the search produced because the search warrant was not supported by probable cause. Probable cause requires that the circumstances set forth in an affidavit supporting an application for a search warrant demonstrate "a fair probability that contraband or evidence of a crime will be found in a particular place," *Illinois v. Gates*, 462 U.S. 213, 238 (1983). On appeal, we will uphold a judicial determination of probable cause if we believe that there was "a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing," *id.* at 236, quoting *Jones v. United States*, 362 U.S. 257, 271 (1960). We review the district court's fact-finding in support of its ruling on the motion to suppress for clear error, and we review *de novo* the district court's ultimate application of the law to the facts. *See United States v. Lewis*, 183 F.3d 791, 793 (8th Cir. 1999), *cert. denied*, 120 S. Ct. 1180 (2000).

We believe that there was probable cause to justify issuing the search warrant. Before the police obtained the warrant, they were tipped off to Mr. Tyler's illegal activities by Joe Garza, a drug offender turned police informant. Mr. Garza revealed to the police that Mr. Tyler was his supplier for drugs, and he provided a wealth of detailed information about Mr. Tyler to support his accusation. Mr. Garza, for example, correctly identified Mr. Tyler by his alias, "PT," and recited to the police Mr. Tyler's phone number and address. He also described Mr. Tyler's two cars. The police verified the accuracy of Mr. Garza's descriptions through their own investigation

_____

[1]The Honorable Paul A. Magnuson, Chief United States District Judge for the District of Minnesota.

and found that Mr. Garza's account matched Mr. Tyler's known reputation as a drug dealer.

In determining whether probable cause exists, we do not evaluate each piece of information independently; rather, we consider all of the facts for their cumulative meaning. *See United States v. Morales*, 923 F.2d 621, 623-24 (8th Cir. 1991). Viewing, as a whole, all of the information collected by the police, we believe it clear that a reasonable person could suspect that a search would uncover evidence of crimes committed by Mr. Tyler. *See United States v. LaMorie*, 100 F.3d 547, 552-53 (8th Cir. 1996).

Mr. Tyler argues that Mr. Garza's disclosures should not have been accepted as credible because Mr. Garza was not known to the police as a previously reliable source of information. He characterizes Mr. Garza's cooperation with the police as a self-serving attempt to deflect blame from himself and onto someone else. We reject this argument. While the credibility and reliability of a person providing information to the police are important considerations in determining whether probable cause exists, they are not "separate and independent requirements to be rigidly exacted in every case," *Gates*, 462 U.S. at 230. Rather, we must weigh an informant's statements in the context of all of the circumstances. *See LaMorie*, 100 F.3d at 553.

Mr. Garza's disclosures in this case were all verified by the police through their independent investigation. In past cases, we have strongly endorsed the use of corroboration as a method of confirming the reliability of information given to the police. *See Morales*, 923 F.2d at 624. Even "the corroboration of minor, innocent details can suffice to establish probable cause," *United States v. Ramos*, 818 F.2d 1392, 1397 n.7 (8th Cir. 1987).

We also believe that Mr. Garza's disclosures were presumptively credible because they were made against his penal interest. Statements against the penal

interest of an informant typically "carry considerable weight," *LaMorie*, 100 F.3d at 553. We disagree with Mr. Tyler's contention that Mr. Garza's disclosures were not against his penal interest and that Mr. Garza was merely trying to blame someone else for his own crimes. After the police caught Mr. Garza with drugs in his possession, he admitted not only that he had obtained the drugs from Mr. Tyler but also that he had purchased drugs from Mr. Tyler on "numerous occasions" over the previous year. Thus Mr. Garza's statements cannot be taken merely as blame-shifting because they admitted to criminal activities beyond those of which the police already knew him to be guilty.

Mr. Tyler also argues that the search warrant was invalid because the police used stale evidence to make out probable cause. In the affidavit for the search warrant, the police stated that they had made a controlled buy of cocaine from Mr. Tyler "within the past 7 months." We have observed that "[t]here is no bright-line test for determining when information is stale ... and the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit," *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993). The police in this case presented the facts of their controlled cocaine buy from Mr. Tyler as part of their proof that they were familiar with Mr. Tyler's drug dealings. We do not believe that it would have been unreasonable to think that these facts validated Mr. Garza's disclosures, and that a search might well uncover evidence of crimes by Mr. Tyler, such as records of drug transactions or information with respect to other drug offenders. *See United States v. McNeil*, 184 F.3d 770, 775 (8th Cir. 1999).

## II.

Mr. Tyler insists, without citing any authority, that the search warrant was overly broad. Under the fourth amendment, a search warrant must be sufficiently definite to allow the police to identify the property authorized to be seized with some particularity. *See United States v. Horn*, 187 F.3d 781, 788 (8th Cir. 1999), *cert. denied*, 120 S. Ct. 1442 (2000). "The degree of specificity required will depend on the circumstances of

the case and on the type of items involved," *id.* We have held that a search warrant is adequately specific if it calls for the seizure of property involved in a defendant's commission of crimes. *See id.*; *see also United States v. Stelten*, 867 F.2d 446, 450 (8th Cir. 1989), *cert. denied*, 493 U.S. 828 (1989). The search warrant in this case permitted the police to collect a wide range of items such as documents, weapons, and personal phone/address books, but only if they were related to drug activities. We are therefore satisfied that the search warrant was sufficiently specific.

Mr. Tyler also challenges the "no-knock" provision of the search warrant, contending that there was no basis for excusing the police from having to declare themselves before entering his residence. Although it is true that the police must ordinarily knock and announce their presence before executing a search warrant, this requirement is relaxed in certain situations. A search warrant may authorize an entry without knocking when there is a reasonable suspicion that knocking and announcing "would be dangerous or futile" or "would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence," *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997).

The search warrant in this case authorized the police to enter Mr. Tyler's residence unannounced because the police attested that Mr. Tyler possessed weapons and was likely to destroy evidence of his drug crimes. We have held that this belief is sufficient to constitute reasonable suspicion for a "no-knock" entry. *See United States v. Moore*, 956 F.2d 843, 850 (8th Cir. 1992); *see also United States v. Tracy*, 835 F.2d 1267, 1270 (8th Cir. 1988), *cert. denied*, 486 U.S. 1014 (1988). We note furthermore the Supreme Court's comment in *Richards*, 520 U.S. at 394, that the showing needed to justify a "no-knock" entry "is not high." We therefore find that the warrant properly authorized a "no-knock" entry.

## III.

Mr. Tyler argues that he was entitled to a downward departure for substantial assistance and that the district court should have departed even though the government did not request it to do so. As a general rule, the district court has no authority to grant a downward departure in the absence of a motion by the government. *See Wade v. United States*, 504 U.S. 181, 185 (1992). A district court may depart, however, if it finds that the government's refusal to make the motion is "irrational, in bad faith, or based on an unconstitutional motive," *United States v. Licona-Lopez*, 163 F.3d 1040, 1042 (8th Cir. 1998).

Mr. Tyler maintained in the district court that he wanted to help the police but was wrongfully denied an opportunity to do so. He asserted that the police never made a serious effort to work with him, even though he repeatedly tried to cooperate. The district court listened to Mr. Tyler's testimony and concluded that it established only that "serious communication difficulties" existed between Mr. Tyler and the government. The court did not believe that the government's refusal to move for a downward departure for substantial assistance was irrational, in bad faith, or based on an unconstitutional motive.

We review a district court's factual findings regarding the government's decision not to ask for a departure for clear error. *See United States v. Weaver*, 216 F.3d 693, 695 (8th Cir. 2000). Although the district court's analysis of the dispute between Mr. Tyler and the government was brief, we cannot say that the court's findings were clearly erroneous. We therefore hold that the district court did not err in denying Mr. Tyler's request for a downward departure for substantial assistance.

## IV.

When the police arrested Mr. Tyler and searched his car, they found a loaded gun among his belongings. This discovery led to consequences for Mr. Tyler during his sentencing: He received a two-level enhancement to his sentence under U.S.S.G.

§ 2D1.1(b)(1), and he was denied a sentence below the mandatory minimum under U.S.S.G. § 5C1.2, *see also* 18 U.S.C. § 3553(f).

The federal sentencing guidelines provide for a two-level enhancement if the defendant possesses a firearm in connection with a drug trafficking offense, *see* U.S.S.G. § 2D1.1(b)(1), if "the government ... show[s] that the weapon was present, and ... that it was not clearly improbable that the weapon had a nexus with the criminal activity," *United States v. Bost*, 968 F.2d 729, 732 (8th Cir. 1992). In the circumstances of this case, we could hardly conclude that the district court clearly erred in finding that it was not clearly improbable that the firearm in Mr. Tyler's car was connected with criminal activities. We have often remarked on how commonly guns are associated with drug dealing. *See, e.g.*, *United States v. Regans*, 125 F.3d 685, 686 (8th Cir. 1997), *cert. denied*, 523 U.S. 1065 (1998), and *United States v. Fairchild*, 122 F.3d 605, 614 (8th Cir. 1997), *cert. denied*, 522 U.S. 1131 (1998).

We also uphold the district court's ruling that Mr. Tyler did not qualify for a sentence below the mandatory minimum. To obtain a sentence below the mandatory minimum under U.S.S.G. § 5C1.2, *see also* 18 U.S.C. § 3553(f)(2), the defendant has the burden of proving, among other things, that he did not possess a firearm or other dangerous weapon in connection with his crime. *See Wright v. United States*, 113 F.3d 133, 134 (8th Cir. 1997). The district court found that there was a nexus between Mr. Tyler's gun and his drug activities and declined to grant Mr. Tyler a lower sentence. We review this factual finding for clear error. *See id.* at 134. Since we cannot say that the district court's factual findings were clearly erroneous, and since the district court committed no legal error in applying the guidelines, *see id.* at 134-35, we affirm.

HEANEY, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's opinion with the exception of Section III. I respectfully dissent on the question of whether Tyler was entitled to a downward departure for substantial assistance. It is clear from the transcript of the February 10, 2000 sentencing hearing that law enforcement officials were not satisfied with receiving information from Tyler with respect to others who were involved in the drug conspiracy with him. They also expected him to make a controlled buy of drugs in order to implicate others in drug dealing. (Sent. Tr. at 14-24.)

In my view, the government has no business asking those who have been arrested for drug dealing to engage in further illegal activity in order to receive a downward departure for substantial assistance under United States Sentencing Guidelines Manual, § 5K1.1, p.s. Of course, the government may ask an arrestee to give, as a condition for such a departure, all of the information that he or she has with respect to their past activity and the activity of others.

Accordingly, I would remand to the district court for a further determination as to whether the government refused to make a § 5K1.1 motion because of Tyler's unwillingness to participate in additional illegal activities.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.