# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3931

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Derrick T. Haggard, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2004

Filed: May 24, 2004

_____

Before  MORRIS SHEPPARD ARNOLD, McMILLIAN and MELLOY,
   Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Appellant Derrick T. Haggard appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri finding him guilty, pursuant to a written plea agreement, of conspiracy to distribute in excess of 5 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and sentencing him to 96 months imprisonment, 5 years supervised release and a special assessment

_____

[1]Hon. Ortrie D. Smith, United States District Judge for the Western District of Missouri.

of $100.  For reversal, appellant argues the district court erred in denying his motion to suppress statements because there was no probable cause to arrest and because he did not waive his <u>Miranda</u> rights before custodial questioning.  For the reasons discussed below, we affirm the judgment of the district court.

The district court had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231; we have appellate jurisdiction over this criminal appeal pursuant to 28 U.S.C. § 1291.

The following statement of facts is taken in large part from the report and recommendation of the magistrate judge.[2]  On November 13, 1999, FBI special agent Mike Henry told Pulaski County Deputy Sheriff Rob Pippenger that Caroline Underwood told him that she and her teen-aged daughter and appellant would be transporting crack cocaine from St. Louis to Waynesville MO.  Henry had been investigating appellant and Underwood for possible drug-trafficking. Henry told Pippenger to look for Underwood's car and, if possible, to attempt a traffic stop.  At about 8:00 pm, Pippenger observed Underwood's car westbound on I-44.  Pippenger verified that the car was registered to Underwood.  After several miles the car passed him, then suddenly braked and changed lanes without signaling.  Pippenger stopped the car for the traffic violation. Underwood was driving, her daughter was in the front passenger seat, and appellant was sitting in the back seat.  Pippenger asked Underwood to sit in the patrol car.  She consented to a search of her car.  A computer check showed that there was an arrest warrant for her.  Pippenger arrested her.  A drug dog "alerted" to the exterior of the car. At this point appellant volunteered that he had smoked marijuana about an hour before.  The dog also "alerted" to the daughter as she got out of the car but not appellant.  Pippenger then searched the

---

[2]Hon. James C. England, United States Magistrate Judge for the Western District of Missouri.

interior of the car and found a white powdery substance that field-tested positive for cocaine on the surface of the console, which Pippenger described as the plastic compartment between the front seats. Pippenger then arrested the daughter and appellant for drug possession.

Pippenger and another officer took Underwood, her daughter and appellant to the county sheriff's office where they were read their Miranda rights. Henry and Pippenger first questioned Underwood and her daughter. The daughter stated that she was carrying packages of crack cocaine inside her body, that she and appellant had bought the crack cocaine in St. Louis, and that she was carrying the crack cocaine for appellant. The crack cocaine was removed (with the daughter's consent) under the supervision of a female deputy sheriff. Henry and Pippenger then questioned appellant. Both officers testified at the suppression hearing that they began to interview appellant at about 11:30 pm, and that they read him the Miranda rights before questioning him. The Miranda waiver form shows a time of 11:30 pm and appellant's signature was witnessed by Pippenger and Henry. According to the officers, defendant indicated that he understood his rights and wanted to talk to them. According to Pippenger, the interrogation took about an hour and appellant made incriminating statements. Appellant was then charged with drug distribution involving a minor (as opposed to mere possession). However, a booking sheet indicated that defendant had been booked into the jail at 10:45 pm.

A federal grand jury indicted appellant and charged him with conspiracy to distribute in excess of 5 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and possession with intent to distribute 5 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Appellant filed a motion to suppress. He argued that he had been illegally seized and detained following the traffic stop and that there was no intervening break between the illegal seizure and his statements. He argued that there was no reasonable suspicion to detain him for drug possession because the cocaine residue

was found on the console between the front seats, an area that he argues was inaccessible to him as a passenger in the back seat. He also argued that the <u>Miranda</u> waiver was not valid because the discrepancy between the time on the waiver form (11:30 pm) and the time on the booking sheet (10:45 pm) showed that he only signed the waiver form <u>after</u> interrogation.

After an evidentiary hearing, the magistrate judge issued a report and recommended that the motion to suppress be denied. The magistrate judge noted that appellant had not challenged the validity of the traffic stop. The magistrate judge then noted that there was reasonable suspicion to detain the occupants of the car and investigate further, citing the information provided to Henry by Underwood, the alert by the drug dog, and appellant's admission that he had recently smoked marijuana. The magistrate judge then found that, after Pippenger found cocaine residue on the console of the car, there was probable cause to arrest appellant for drug possession. The magistrate judge also rejected appellant's argument that the <u>Miranda</u> warnings were not given until after he was interviewed. The magistrate judge noted that both Henry and Pippenger testified that appellant was read and waived his <u>Miranda</u> rights before he was questioned. Appellant presented no evidence other than the time discrepancy on the waiver form and the booking sheet. The magistrate judge also noted that defendant did not argue that he had been coerced or intimidated.

Appellant filed objections. The district court conducted a de novo review, adopted the report of the magistrate judge, and denied the motion to suppress. The district court found that there was probable cause to arrest appellant, citing the cocaine residue found on the console, a partition which the district court described as located both between the front seats and between the front seats and the back seat of the car and accessible to someone sitting in the back seat; the drug dog's alert to the car and the front seat passenger; and appellant's admission that he had recently smoked marijuana. The district court also found that appellant waived his <u>Miranda</u> rights before he was interrogated. The district court noted that both Henry and

Pippenger testified that appellant was read and waived his <u>Miranda</u> rights at 11:30 pm before the interrogation began. The district court then explained the time discrepancy as perhaps reflecting the time the jail officer began processing the paperwork for booking and that the paperwork may not have been completed until after the interrogation (and after the <u>Miranda</u> waiver). The district court noted that appellant was initially charged with possession and that later, after questioning, the charge was changed to drug distribution; Pippenger's statement that defendant was booked after the interrogation may have referred to the later drug distribution charge and not the initial possession charge.

Appellant entered a conditional guilty plea (reserving the right to appeal the denial of the suppression motion) pursuant to a written plea agreement to count I (the conspiracy count). The government dismissed the possession count. After a sentencing hearing, the district court sentenced appellant to 96 months imprisonment, 5 years supervised release and a special assessment of $100. This appeal followed.

First, appellant argues that the district court erred in denying the motion to suppress. He argues that Pippenger testified that the arrest was based solely on the cocaine residue found on the console and not on his admission that he had recently smoked marijuana. Appellant argues that there was no probable cause to arrest because he was a passenger in the back seat and the cocaine residue was found on the console located between the front seats. He also notes that Pippenger testified in state court in 2001 that he found the cocaine residue on the console beneath the car stereo, a location closer to the dashboard and even farther from a passenger sitting in the back seat. He also notes that the drug dog did not alert to him and that no drugs or drug paraphernalia were found either on him or in the back seat of the car where he was sitting.

"We review the district court's fact-finding in support of its ruling on the motion to suppress for clear error, and we review de novo the district court's ultimate

application of the law to the facts." <u>United States v. Tyler</u>, 238 F.3d 1036, 1038 (8th Cir. 2001).

>Probable cause to conduct a warrantless arrest exists when at the moment of arrest police have knowledge of facts and circumstances grounded in reasonably trustworthy information sufficient to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested.

<u>United States v. Hartje</u>, 251 F.3d 771, 775 (8th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1116 (2002). First, the district court found that Pippenger did not detain and then arrest appellant solely on the basis of the cocaine residue found on the console. Pippenger's testimony that "marijuana was not the issue" referred to the fact that Pippenger would not have arrested appellant only for smoking marijuana and instead detained and then arrested him on the basis of a combination of facts-- the information from Henry about appellant's suspected drug trafficking, the alert by the drug dog, appellant's admission about having recently smoked marijuana, and finding cocaine residue on the console inside the car. The district court also found that the console was located between the front and back seats and thus was an area accessible to a passenger in the back seat. Appellant was not detained and arrested because he was merely a passenger in a car in which cocaine residue was found. These findings of fact are not clearly erroneous. We thus agree with the district court that there was reasonable suspicion to detain and probable cause to arrest appellant.

Appellant next argues that the district court erred in finding that he waived his <u>Miranda</u> rights before questioning. He cites the discrepancy between the time noted on the waiver form (11:30 pm) and the time noted on the jail booking sheet (10:45 pm) to support his argument that he could not have signed the waiver form before questioning.

We review de novo whether the <u>Miranda</u> waiver was valid. <u>United States v. Sanders</u>, 341 F.3d 809, 817 (8th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1525 (2004). The government has the burden of proving the validity of the <u>Miranda</u> waiver by a preponderance of the evidence. <u>Colorado v. Connelly</u>, 479 U.S. 157, 168-69 (1986). The district court found that appellant waived his <u>Miranda</u> rights before he was interrogated. Pippenger and Henry each testified that appellant was read and understood and waived his <u>Miranda</u> rights before being questioned. The district court's witness credibility decisions can almost never be clear error. <u>E.g., United States v. Sanders</u>, 341 F.3d at 818. The district court also explained that the 10:45 pm time on the booking sheet may have reflected the time of appellant's initial booking on the charge of possession and that Pippenger's testimony that appellant was booked <u>after</u> questioning may have referred to the later decision to charge him with drug trafficking (as opposed to possession), a decision that was made after the <u>Miranda</u> warning and waiver at 11:30 pm and questioning. Appellant presented no other evidence to contradict this version of the events. We thus hold that the district court did not err in finding the <u>Miranda</u> waiver was valid.

Accordingly, we affirm the judgment of the district court.

_____