# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3835

_____

United States of America,          *
                             *

          Appellee,        *

                             *   Appeal from the United States
    v.                        *   District Court for the Western
                             *   District of Arkansas.

Clarence Harrison Steele,     *

                             *     [UNPUBLISHED]
          Appellant.       *

_____

Submitted: May 10, 2005
Filed: May 19, 2005

_____

Before LOKEN, Chief Judge, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Clarence Steele entered a conditional plea of guilty to one count of possession with intent to distribute fifty grams or more of cocaine base, and one count of aiding and abetting that crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Steele appeals the district court's[1] denial of his motion to suppress physical evidence seized and statements made after police stopped the car in which he was a passenger.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

Steele argues that police did not have probable cause to stop the car or to search it or its occupants, that there was no probable cause to obtain a search warrant for the package seized, and that there is no evidence that the affiant seeking the search warrant was sworn before making his affidavit. Having carefully reviewed the record and arguments presented, we affirm.

## I.    BACKGROUND

The relevant facts have been set out in the opinion of Steele's co-defendant Michael Salone, United States v. Salone, No. 04-3806, slip op. (8th Cir. May 19, 2005), so we will not repeat them here.

## II.    DISCUSSION

Like his co-defendant Salone, Steele first argues that the initial stop of the car in which he was riding was an unconstitutional seizure because officers lacked probable cause. As we explain in Salone, we are satisfied that this seizure was supported by probable cause and thus did not violate the Fourth Amendment.

Steele argues that Corporal Barnett either knew or should have known that Steele, Salone, and James Dotson (the driver of the car) did not have drugs with them in the box they carried from the apartment because the CI had told Barnett that there were no drugs in that apartment. But as Barnett testified at the suppression hearing, the CI had provided convincing details about a plan by Steele and Salone to package what drugs they had in Fort Smith in a box and mail them back to California. Barnett believed this transport of the box, whether already full of drugs or on its way to be filled somewhere else, was part of a drug offense in the process of being committed. "Probable cause to conduct a warrantless arrest exists when at the moment of arrest police have knowledge of facts and circumstances grounded in reasonably trustworthy information sufficient to warrant a belief by a prudent person that an

-2-

offense has been or is being committed by the person to be arrested." United States v. Haggard, 368 F.3d 1020, 1023 (8th Cir. 2004) (quotation omitted). Barnett also testified he believed drugs would be found in the duffel bags that the men carried to the car from the apartment after they returned from their first venture from the apartment. All of this provided officers with probable cause to stop the car.

Steele next argues there was no probable cause to support the search warrant that issued for the package retrieved from the post office. He asserts, and Barnett admits, that Dotson's statement to Sergeant Lawson that Dotson had mailed a box containing a stuffed animal to California was the only way police knew where the drug package was. Steele argues that Dotson's statement was insufficient to give rise to probable cause for a warrant because Dotson did not have first-hand knowledge of drugs being inside the package. This argument is, charitably speaking, meritless. Dotson's statement further corroborated the information provided by the CI. Thus, the warrant was clearly supported by probable cause.[2]

We have considered Steele's remaining argument regarding proof of oath for the affidavit supporting the search warrant, and find it to be without merit.

## III.  CONCLUSION

Accordingly, we affirm.

_____

_____

[2]Steele also argues that Dotson's statement was the product of an illegal stop of the car, and thus should be suppressed. We have already disposed of this argument above.