# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1778

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Evin Alexi Licona-Lopez, | * |
| | * |
| Appellant. | * |

———————

Submitted: October 20, 1998
Filed: December 18, 1998

———————

Before BOWMAN, Chief Judge, BRIGHT, and RICHARD S. ARNOLD, Circuit
Judges.

———————

BOWMAN, Chief Judge.

Evin Alexi Licona-Lopez appeals the denial by the District Court[1] of his motion
for an evidentiary hearing on the government's failure to move for a substantial-
assistance departure under § 5K1.1 of the United States Sentencing Guidelines.
Licona-Lopez participated in a controlled drug transaction and gave trial testimony
which helped convict a co-conspirator. The government claimed it did not move for
a substantial-assistance departure because Licona-Lopez withheld important

———————

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern
District of Iowa.

information until trial and prejudiced the government's case against the co-conspirator. Licona-Lopez argues that the refusal was in bad faith and based on an unconstitutional motive. We affirm.

## I.

On October 17, 1997, Licona-Lopez was pulled over in Adelanto, California and 2,919.2 grams of methamphetamine were discovered in his vehicle. Licona-Lopez made a controlled delivery of the substance to Sergio Miranda Tafolla ("Miranda") in Des Moines, Iowa. He was then indicted for conspiracy to distribute amphetamine.

Licona-Lopez pled guilty pursuant to a plea agreement which obligated him to cooperate fully with the government and provide truthful information at all times. The agreement gave the government "sole discretion" to file a motion for a substantial-assistance departure. Licona-Lopez participated in six police debriefings and testified against Miranda. At Miranda's trial Licona-Lopez revealed for the first time that another person, "El Gordo," helped arrange and carry out the drug transactions in which Licona-Lopez participated. Licona-Lopez admitted that he withheld information about El Gordo from police in order to protect himself and his family from retribution.

Licona-Lopez was sentenced on March 6, 1997. On the day before sentencing, the government informed Licona-Lopez that it would not move for a substantial-assistance departure. Licona-Lopez raised the issue at sentencing. The prosecutor acknowledged that Licona-Lopez's trial testimony was truthful and helped secure Miranda's conviction. She claimed, however, that Licona-Lopez "told a different story" each time he spoke to police and that the information about El Gordo tended to mitigate Miranda's involvement in the conspiracy. The prosecutor stated she would consider moving for a substantial-assistance departure within a year if Licona-Lopez provided assistance that was substantial and helpful in ongoing investigations. The district court ruled that it was "up to the government" to decide whether to move for the

departure, but directed the prosecutor to file the motion within a year or file a report within a year explaining the refusal to file the motion. Licona-Lopez was sentenced to 30 months of imprisonment.

On March 13, 1997, a telephone conference was held among the district court, Licona-Lopez's attorney, and the prosecutor. Licona-Lopez requested an evidentiary hearing on the government's failure to move for a substantial-assistance departure. He offered to prove that his testimony at Miranda's trial was truthful and played a significant role in obtaining Miranda's conviction. He also stated that he would try to establish whether § 5K1.1 motions were filed under similar circumstances. The prosecutor stated that she refused to file the § 5K1.1 motion because Licona-Lopez had been untruthful during police debriefings. She claimed that the testimony of Licona-Lopez at Miranda's trial was materially different from his statements in police debriefings and tended to mitigate Miranda's involvement in the conspiracy. She also claimed that the discrepancies required the government to alter its trial strategy, gave impeachment material to the defense, and put the government in a defensive position. The district court denied the motion without prejudice. This appeal followed.

## II.

Section 5K1.1 of the United States Sentencing Guidelines grants the district court the authority to depart from a guideline sentence "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S. Sentencing Guidelines Manual § 5K1.1 (1997).

Licona-Lopez argues that the district court erred in denying his motion for an evidentiary hearing on the government's refusal to file the motion because the refusal was in bad faith and unconstitutional. Licona-Lopez does not dispute that he violated his plea agreement by withholding information about El Gordo until Miranda's trial.

Rather, he argues that the refusal was improper because the assistance he rendered was substantial despite the fact that he was not completely truthful in police debriefings.

The district court generally lacks authority to award a substantial-assistance departure in the absence of a government motion. See United States v. Matlock, 109 F.3d 1313, 1317 (8th Cir.), cert. denied, 118 S. Ct. 188 (1997). The court can, however, grant the departure in the absence of a motion if it finds that the refusal was irrational, in bad faith, or based on an unconstitutional motive. See United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994). The Supreme Court has held that a defendant is entitled to an evidentiary hearing on the government's refusal if he or she makes a substantial, threshold showing that the refusal was unconstitutional or irrational. See Wade v. United States, 504 U.S. 181, 185-87 (1992). We have held that a substantial, threshold showing that the refusal was in bad faith also will entitle a defendant to an evidentiary hearing. See United States v. Rounsavall, 128 F.3d 665, 669 (8th Cir. 1997)

We hold that the district court correctly denied Licona-Lopez's motion for an evidentiary hearing because Licona-Lopez did not make a threshold showing that the government's refusal to file a substantial-assistance motion was improper. We agree that Licona-Lopez's assistance was arguably substantial. The government acknowledged that his testimony at Miranda's trial was truthful and the record supports Licona-Lopez's claim that his testimony provided the crux of the case against Miranda. However, a claim that a defendant provided substantial assistance will not entitle the defendant to relief or an evidentiary hearing. See Wade, 504 U.S. at 186.

The government's position is that it refused to file the motion because Licona-Lopez was untruthful with authorities in police debriefings and prejudiced the government's case against Miranda. We cannot say that refusing to file the motion for these reasons was irrational. The government may refuse to file a substantial-assistance motion if the refusal is rationally related to a legitimate governmental end. See Wade,

504 U.S. at 186. Refusing to file a motion for a defendant who has not been completely truthful with authorities advances the legitimate governmental interest in providing an incentive for defendants to cooperate fully. There is no dispute that Licona-Lopez was not completely truthful with authorities because Licona-Lopez himself admitted that he withheld information about El Gordo from police until Miranda's trial. Furthermore, the record supports the government's contention that Licona-Lopez's surprise testimony prejudiced the case against Miranda. Licona-Lopez testified that El Gordo offered to pay him for transporting the drugs, paid for part of the transportation expenses, and helped load and deliver the drugs. This testimony tended to absolve Miranda of responsibility for these aspects of the conspiracy. We also find plausible the government's contention that the testimony undermined Licona-Lopez's credibility as a key government witness and required the government to alter its trial strategy. Given these considerations, the government rationally could have concluded that Licona-Lopez did not merit a substantial-assistance departure.

We find no evidence of bad faith or an unconstitutional motive in the record. The government did not make any promises or guarantees concerning the motion and the plea agreement left the motion to the "sole discretion" of the government. Cf. Matlock, 109 F.3d at 1318 (holding that the defendant had not made a substantial threshold showing where plea agreement made motion conditional on government's assessment of defendant's assistance); United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992) (stating that the carefully worded plea agreement preserved government's discretion in filing motion). Likewise, there is no evidence that the refusal was motivated by invidious discrimination. See Wade, 504 U.S. at 186 (stating that a defendant is entitled to an evidentiary hearing if a prosecutor refused to file a substantial-assistance motion because of an unconstitutional factor, such as the defendant's race or religion). Consequently, we find that Licona-Lopez has failed to meet his burden of making a threshold showing that the refusal was irrational, in bad faith, or based on an unconstitutional motive.

Licona-Lopez argues that the refusal was unconstitutional because the prosecutor indicated a willingness to file the motion at a later time if Licona-Lopez provided substantial assistance in ongoing investigations. Licona-Lopez contends that postponing a motion regarding the defendant's substantial assistance in order to secure post-sentencing cooperation violates due process.

Other courts have held that the government's decision to defer making a § 5K1.1 motion on the premise that it will make a Federal Rule of Criminal Procedure 35(b) substantial assistance motion after sentencing may violate due process.[2] See, e.g., United States v. Martin, 25 F.3d 211, 216 (4th Cir. 1994); United States v. Drown, 942 F.2d 55, 59 (1st Cir. 1991). We have not addressed this issue and need not here because the government's refusal to file the motion did not implicate due process. Postponing a motion regarding the defendant's substantial assistance to secure post-sentencing cooperation can only violate due process if a defendant has a right to the motion at sentencing. As discussed previously, Licona-Lopez has failed to demonstrate any right to the motion at sentencing.

The cases cited by Licona-Lopez hold that due process requires the government to determine at sentencing whether a defendant's pre-sentencing cooperation merits a substantial-assistance departure and to move for the departure at sentencing if it decides in the affirmative. See, e.g., Martin, 25 F.3d at 216; Drown, 942 F.2d at 59 & n.7. Here the government determined that Licona-Lopez's pre-sentencing assistance did not merit a departure. The government's conditional willingness to move for a departure

_____

[2]Fed. R. Crim. P. 35(b) allows the court to resentence the defendant to reflect substantial assistance rendered after sentencing while a § 5K1.1 motion reflects substantial assistance rendered before sentencing. See Martin, 25 F.3d at 216. Fed. R. Crim. P. 35(b) provides that "[t]he court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense."

at a later time does not change this fact. The prosecutor stated that the government had a policy against filing substantial-assistance motions for defendants who were untruthful with authorities. She also stated that "based on the misstatements, the lies told to agents five times previously, he was not entitled to any substantial assistance, he was not truthful."

Licona-Lopez contends that United States v. Pipes, 125 F.3d 638 (8th Cir. 1997), cert. denied, 118 S. Ct. 1202 (1998), requires the court to grant an evidentiary hearing whenever a defendant demonstrates that his or her cooperation contributed to the government's case against another. This reading of Pipes is erroneous. In Pipes, the defendant had provided assistance that the police evaluated as helpful, but the government refused to move for a substantial-assistance departure because a prosecutor in another district made conclusory allegations that the defendant had not been completely truthful. See id. at 641. We remanded for an evidentiary hearing because the government had never explained the basis for the allegation that the defendant had been untruthful and the district court therefore had no basis for determining whether the refusal was irrational. See id. at 641-42. Pipes implies that the government does not act irrationally in refusing to file a substantial-assistance motion for a defendant who has provided substantial assistance but has been untruthful with the authorities while cooperating. Pipes is therefore consistent with our decision here. The rationale of Pipes does not support a remand for an evidentiary hearing in this case because Licona-Lopez admitted that he had been untruthful in police debriefings. There is no need to develop the record on this point.[3]

_____

[3]Licona-Lopez urges us to follow In re Sealed Case, 149 F.3d 1198 (D.C. Cir. 1998), in which the court held that a district court has the authority to grant a substantial-assistance departure without a motion by the government. The pertinent part of this case has been vacated for rehearing en banc. See In re Sealed Case, No. 97-3112, 1998 WL 775647 (D.C. Cir. Nov. 3, 1998).

## III.

For the reasons stated, the District Court's denial of Licona-Lopez's motion for an evidentiary hearing on the government's refusal to move for a substantial-assistance departure is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.