# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3572

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Bernard Wilkerson, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: May 11, 1999
Filed: June 9, 1999

_____

Before WOLLMAN, Chief Judge, BEAM and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Bernard Wilkerson pled guilty to conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. He was sentenced to 30 months after the district court[1] applied the so-called safety valve to depart below the mandatory minimum sentence of five years set by statute. See 18 U.S.C. § 3553(f). Wilkerson appeals on the basis that the government improperly refused to move for a downward departure for his

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

substantial assistance and that the district court erred by not compelling the government to file the departure motion.[2]  We affirm.

The underlying facts have been stipulated by the parties.  Micah Cain, one of Wilkerson's coconspirators, was stopped by agents of the Drug Enforcement Administration at the St. Louis airport on April 29, 1998.  He was arrested after a consensual search of his bag uncovered over two kilograms of cocaine.  Cain told the agents that he had arranged to deliver the drugs to a hotel in St. Louis.  He agreed to cooperate and to continue with the transaction at the hotel where he received a call that people were on their way to pick up the cocaine.  Agents in an adjoining room observed Wilkerson and another man enter Cain's room.  Wilkerson took possession of the six packages of cocaine, and the agents arrested him and his companion as they left the room.

Wilkerson was indicted for conspiracy to possess with intent to distribute over two kilograms of cocaine and possession with intent to distribute.  Wilkerson pled guilty to both charges under a plea agreement.  At the time he entered his plea he had already provided information to federal agents and had agreed to testify as part of the agreement.  Paragraph (1)(e) of the agreement provided:

> Should the defendant *continue* to cooperate and *continue* to render substantial assistance, the Government will file a motion with the sentencing court to depart from the statutory mandatory minimum under 18 U.S.C. § 3553(e) and the Sentencing Guidelines, pursuant to U.S.S.G. §5K1.1.  The Government reserves the sole right to make the

---

[2]Although Wilkerson's plea agreement contains a waiver of the normal right to appeal, the government concedes that the waiver provision would not bar an appeal if there had been a breach, citing <u>United States v. Serrano</u>, 938 F.2d 1058, 1060 (9th Cir. 1991).

2

determination as to whether the defendant *continues* to provide substantial assistance.

(Emphasis added.) Prior to sentencing Wilkerson failed to appear for drug counseling four times and tested positive for cocaine on four other occasions. The government subsequently decided not to file a downward departure motion under § 5K1.1, and Wilkerson asked the court to enforce the plea agreement by compelling the government to file the motion.

The court addressed Wilkerson's motion to compel during a two-day sentencing hearing. Counsel for the government stated at the outset that he would not move for a downward departure because Wilkerson had been using cocaine and had not informed the government about it or revealed his source for the drug and that this "typically would preclude a filing of a substantial assistance motion." He mentioned that the case agent had given his card to Wilkerson and told him to report any criminal activity; the case agent was present and said he had never heard from Wilkerson. Defense counsel argued that the government's reason had nothing to do with substantial assistance and was arbitrary and capricious and that Wilkerson remained willing to cooperate. The district court continued the hearing in order to hear from the case prosecutor who stated that when he determined that Wilkerson was not cooperating fully, he decided he was not going to continue trying to work with him. The court denied Wilkerson's motion to compel after finding that the decision not to file a motion for substantial assistance was within the government's discretion under the plea agreement and that Wilkerson had essentially rendered himself "useless to the government" and "ruined himself as a potential witness." He thus had not continued to provide substantial assistance. The court offered Wilkerson the opportunity to withdraw his plea, but he declined.

The court then sentenced Wilkerson under the guidelines to 30 month concurrent terms even though he was subject to a mandatory five-year statutory minimum under 21 U.S.C. § 841(b)(1)(B). The court departed below the mandatory minimum by using

3

the safety valve statute after finding that Wilkerson did not have a significant criminal history, he had not used violence and no one was injured, he was only a minor participant, and he had provided the government with information. See 18 U.S.C. § 3553(f). The base offense level for the quantity of cocaine involved would ordinarily have put Wilkerson in the 78 to 97 month sentencing range. See U.S.S.G. § 2D1.1. The court gave him a two level reduction for satisfying the safety valve factors, see U.S.S.G. §§ 2D1.1(b)(6), 5C1.2, four levels for only a minimal role, see U.S.S.G. § 3B1.2(a), and three levels for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), (b). The resulting sentencing range was 30 to 37 months, and he was sentenced at the low end.

Wilkerson argues on appeal that the district court erred in concluding that the plea agreement did not require the government to file a § 5K1.1 motion. He argues that the government's failure to file the motion constituted a breach of the plea agreement and that the district court might have reduced his sentence even more if such a motion had been made. We review the district court's interpretation and enforcement of the plea agreement de novo. See United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996).

A sentencing court may not grant a downward departure for substantial assistance without a motion by the government, see United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994), and the government's discretion in making such motions is generally subject only to constitutional constraints. See Wade v. United States, 504 U.S. 181, 185 (1992). These constraints would prevent the government from refusing to file a motion because of the defendant's race or religion or for a reason not rationally related to a legitimate government end. Id. at 185-86. The government may choose, however, to give up its full discretionary power by entering into a plea agreement promising to file a departure motion if the defendant provides substantial assistance. See, e.g., Kelly, 18 F.3d at 616. In such an agreement the government may reserve the right to judge whether the defendant has provided substantial assistance. See id. at 617; United States v. Romsey, 975 F.2d 556, 557 (8th Cir. 1992). Where the

4

government has so reserved its discretion, the prosecutor's refusal to make a downward departure motion cannot be challenged unless the defendant can make a "substantial threshold showing" that the refusal was in bad faith, irrational, or based on an unconstitutional motive. See United States v. Licona-Lopez, 163 F.3d 1040, 1042 (8th Cir. 1998).

Wilkerson argues that he is in the same situation as the defendant in United States v. Anzalone, 148 F.3d 940, vacated and reh'g en banc granted, 148 F.3d 940, reinstated and reh'g en banc denied, 161 F.3d 1125 (8th Cir. 1998), where there was a plea agreement requiring substantial assistance but where the government refused to file a downward departure motion after it heard that the defendant had recently used drugs. This court reversed the judgment and remanded for further sentencing proceedings because the government's decision not to file the motion "was for reasons other than the nature of Anzalone's substantial assistance." Anzalone, 148 F.3d at 941. In that case the government conceded two key points: 1) that Anzalone "could make a substantial threshold showing that he ha[d] substantially assisted," id. at 942, and 2) that its refusal to file the motion was "based entirely on a factor unrelated to his substantial assistance," id. at 942 n.1.

This case is different from Anzalone. Here the district court found that the government's refusal was based on its conclusion that Wilkerson had not met his duty under the plea agreement to continue to cooperate and to provide substantial assistance. The agreement gave the government the sole right to judge whether Wilkerson continued to provide substantial assistance. The record of the sentencing hearing supports the court's finding that the decision not to make the motion was based on the prosecutor's judgment that Wilkerson had not continued to provide substantial assistance because he did not keep the government apprised of his ongoing drug involvement or his sources and because he had undermined his usefulness as a potential witness, a role he had agreed to play. The government's decision here was based on its evaluation of the quality of Wilkerson's assistance, in contrast to Anzalone where it raised no criticism of the assistance provided. The plea agreements are also different,

5

and Wilkerson's created a *continuing* duty to provide substantial assistance. See 148 F.3d at 941.

On this record Wilkerson has not shown that the government's reason for not filing a § 5K1.1 motion was irrational or based on bad faith or unconstitutional motive. See United States v. Licona-Lopez, 163 F.3d 1040, 1042-43 (8th Cir. 1998). At oral argument defense counsel stated that it had been "an act of generosity" for the government to give Wilkerson an opportunity to provide substantial assistance when he was a minimal participant who had almost no information of value to the prosecution. The district court's findings acknowledged that Wilkerson was only a minor player in the offense, and his offense level was adjusted accordingly. In these circumstances, any reduction in his willingness to provide information or in his value as a witness would rationally be of concern to the government. Wilkerson's claim of irrationality or arbitrariness is significantly weaker than in Licona-Lopez, where the government's refusal to make a substantial assistance motion was rational because the defendant had withheld information even though he provided valuable trial testimony. See 163 F.3d at 1042. Wilkerson also argues that the two prosecutors offered different explanations for refusing to move for a downward departure and that this shows bad faith, but their explanations were not inconsistent. Wilkerson has not shown bad faith, and the court did not err in denying the motion to compel the government to file a motion.

For these reasons we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6