# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

––––––––––––

No. 99-1578WM

––––––––––––

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Western District |
| v. | * | of Missouri. |
| | * | |
| Aaron Coppenbarger, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

––––––––––––

Submitted: December 29, 1999

Filed: January 18, 2000

––––––––––––

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

––––––––––––

PER CURIAM.

Aaron Coppenbarger appeals from the final judgment entered in the District Court[1] upon his guilty plea to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846. The District Court sentenced Coppenbarger to ten years and one month imprisonment and five years supervised release. For reversal, Coppenbarger argues the District Court erred in denying his motion seeking a substantial-assistance

––––––––––––

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

downward departure. We grant the government's motion to supplement the record on appeal. For the reasons discussed below, we affirm the judgment of the District Court.

First, the District Court did not err in refusing to grant the downward departure sua sponte. See United States v. Wilkerson, 179 F.3d 1083, 1085 (8th Cir. 1999); United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994). Nor did the District Court err in not compelling the government to file a substantial-assistance departure motion in the absence of a substantial threshold showing that the government's refusal to file the motion was in bad faith, irrational, or based on an unconstitutional motive. See Wilkerson, 179 F.3d at 1086. Coppenbarger's bare allegations that he provided substantial assistance did not make the required showing. See Wade v. United States, 504 U.S. 181, 186 (1992). Finally, the District Court did not improperly rely on the possibility that the government would in the future file a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b), as Coppenbarger failed to demonstrate any right to a substantial-assistance motion at sentencing. See United States v. Licona-Lopez, 163 F.3d 1040, 1043 (8th Cir. 1998).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.