# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2348

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Porsha R. Turner (nee Mayer), | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   November 4, 1999

Filed:   January 24, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Porsha Turner appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon her guilty plea to conspiring to possess cocaine base with intent to deliver, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced appellant to eighty-seven months imprisonment and five years supervised release. For reversal, appellant argues that the district court erred in denying her motion to compel the government to move for a downward departure and in denying

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

her motion for a downward departure. For the reasons discussed below, we affirm the judgment of the district court.

The government's discretionary refusal to move for a downward departure cannot be challenged unless the defendant makes a substantial threshold showing that the refusal was in bad faith, irrational, or based on an unconstitutional motive. See United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999). Having reviewed Turner's motion to compel and supporting affidavit, we conclude that she did not make such a showing: the motion merely alleged that the refusal was irrational, and the affidavit showed a willingness to provide assistance. See Wade v. United States, 504 U.S. 181, 186 (1992) (mere showing that defendant provided substantial assistance, whether standing alone or coupled with generalized allegations of government's improper motive, is insufficient). Moreover, the government's response demonstrated that it considered Turner's assistance and simply found it to be unhelpful.[2]

As to Turner's downward-departure motion, it is clear from the record that the district court was aware of its authority to depart from the Sentencing Guidelines and declined to do so, rendering the issue unreviewable. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998) (district court's discretionary decision not to

---

[2]Turner contended that she had been unable to provide further assistance by serving as a confidential informant to facilitate controlled drug purchases, because it would have compromised her recovery from drug addiction and her residency at a halfway house. The government responded that the information Turner initially provided became stale and of no value to law enforcement because of her unavailability and time spent away from the drug scene and because her voluntary choice to participate in extended drug treatment impaired her ability to provide further assistance. Although the government's assessment of Turner's assistance is not irrational, we have reservations about any practice penalizing defendants who pursue treatment and rewarding defendants who remain immersed in the drug trade; such a perverse disincentive to rehabilitation would ill serve the goals of our criminal justice system.

depart downward from Guidelines is unreviewable so long as court was aware of its authority to do so).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.