# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3901

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Billy Ray Jones, Sr., also known as | * | Eastern District of Arkansas |
| Scrap Iron, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 2, 2000

Filed: May 22, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Billy Ray Jones, Sr. appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas denying his "Motion to Enforce the Plea Agreement." For reversal, appellant argues the district court erred in denying his post-conviction motion to compel the government to move for a downward departure based

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

on his substantial assistance.  For the reasons discussed below, we affirm the judgment of the district court.

Because the plea agreement preserved the government's discretion to decide whether to move for downward departure, appellant was required to make a substantial threshold showing that the government's refusal to do so was in bad faith, irrational, or based on an unconstitutional motive.  See United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999).  We agree with the district court that appellant's allegations were insufficient to make such a showing.  See Wade v. United States, 504 U.S. 181, 186 (1992) (mere showing that defendant provided substantial assistance, whether standing alone or coupled with generalized allegations of government's improper motive, is insufficient to entitle defendant to remedy).  Accordingly, we must reject appellant's argument that he is entitled to an evidentiary hearing, see United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992) (absent substantial threshold showing, no right to evidentiary hearing), and we conclude the district court did not err in denying his motion.

Accordingly, we affirm.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.