# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3166

_____

United States of America,

      Appellee,

v.

Kyle Anthony Doolin,

      Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 14, 2001
Filed: June 28, 2001

_____

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Kyle Anthony Doolin was charged with two federal drug offenses and he entered into a plea agreement with the government. Under the terms of the agreement, Doolin pleaded guilty to one count of distributing cocaine, see 21 U.S.C. § 841(a)(1) (1994), and he agreed to cooperate and provide truthful information to the government. In return, the government agreed to file, in its sole discretion, a substantial-assistance downward-departure motion under U.S. Sentencing Guidelines Manual § 5K1.1 (2000).

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Doolin ultimately provided some helpful information to the government, but the government did not file the § 5K1.1 motion. Doolin filed a motion with the District Court for a hearing to consider whether the government acted in bad faith when it failed to submit the § 5K1.1 motion. The District Court denied Doolin's motion without a hearing and sentenced him to 151 months of imprisonment and five years of supervised release. Doolin argues that the District Court erred in concluding that the government was not obligated to move for a downward departure based upon his substantial assistance.

"The district court generally lacks authority to award a substantial-assistance departure in the absence of a government motion." United States v. Licona-Lopez, 163 F.3d 1040, 1042 (8th Cir. 1998). "The court can, however, grant the departure in the absence of a motion if it finds that the refusal was irrational, in bad faith, or based on an unconstitutional motive." Id. Doolin argues, as he did in the District Court, that the government acted in bad faith when it failed to submit the § 5K1.1 motion. Doolin fails, however, to provide any evidence of bad faith. See United States v. Johnston, 973 F.2d 611, 614-15 (8th Cir. 1992) (holding that a bare allegation of bad faith is insufficient to require an inquiry into the government's decision not to file § 5K1.1 motion), cert. denied, 506 U.S. 1068 (1993). Doolin's recitation of his cooperation with the government does not present the "rare 'egregious case'" that justifies a downward departure without a government motion. United States v. Davila, 964 F.2d 778, 786 (8th Cir.), cert. denied, 506 U.S. 964 (1992). Accordingly, this claim fails.

Doolin also argues that the government violated his due process rights when it failed to submit the § 5K1.1 motion on the premise that it would consider offering a substantial-assistance motion after sentencing under Federal Rule of Criminal Procedure 35(b). The record shows, however, that the government believed that Doolin's assistance was not substantial enough at the time of sentencing to warrant a § 5K1.1 motion, as it was permitted to do under the plea agreement. And contrary to Doolin's argument, the District Court did not postpone ruling on Doolin's motion or

impermissibly conflate its disposition with a future 35(b) motion. It simply denied Doolin's motion. The mere fact that the government and the court left open the possibility that the government may file a 35(b) motion after sentencing if Doolin's information—considered in its entirety—later proved to be more helpful does not amount to anything close to a preliminary showing that the government had an unconstitutional motive in opting not to file the § 5K1.1 motion.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.