# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1065

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri |
| Demeyon Watie, also known as | * | |
| Demeyon W. Waite, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 4, 2001

Filed:   October 10, 2001

_____

Before McMILLIAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Demeyon Watie appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced Watie to 84 months imprisonment and three years supervised release.  Counsel has moved to withdraw on appeal pursuant to Anders v. California,

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

386 U.S. 738 (1967), and has filed a brief raising the issue whether the district court should have departed downward based on Watie's substantial assistance. Watie has filed a pro se supplemental brief, essentially challenging various base-offense-level enhancements, complaining that his counsel should have consulted with him before filing the Anders brief, and arguing that the district court did not thoroughly examine the plea agreement before sentencing. For the reasons discussed below, we affirm the judgment of the district court.

We first reject the Anders brief argument. The plea agreement was silent as to the possible provision of substantial assistance, the government did not move for a departure at sentencing, and the district court could not grant a departure absent such a motion. See United States v. Wilkerson, 179 F.3d 1083, 1085 (8th Cir. 1999).

We also reject Watie's pro se arguments. First, Watie cannot challenge the base-offense-level enhancements because he stipulated to them in the plea agreement. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal"). Second, Watie is not entitled to reversal on the basis that counsel failed to consult with him before filing the Anders brief. Cf. United States ex rel. Russo v. Attorney Gen., 780 F.2d 712, 715 (7th Cir.) (per curiam) (agreeing with Fourth Circuit that actual consultation with defendant prior to filing of Anders brief is not constitutionally required), cert. denied, 476 U.S. 1185 (1986). Third, the district court complied with Fed. R. Crim. P. 11(e)'s requirements regarding the plea agreement.

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.