# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3632

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| James Alan Pamperin, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 15, 2006
Filed: August 3, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

BYE, Circuit Judge.

James Alan Pamperin appeals his sentence arguing the district court[1] erred in denying his motion to compel a government motion for a downward departure pursuant to 18 U.S.C. § 3553(e). We affirm.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

# I

Pamperin pleaded guilty without agreement to various violations of federal narcotics law and other associated offenses. Subsequent to entering the plea, Pamperin entered into a post-plea agreement with the government. Under the terms of the agreement, the government retained sole discretion to move for a downward departure under 18 U.S.C. § 3553(e) for each count independently.

At sentencing, Pamperin moved for a downward departure based upon his post-arrest rehabilitation and for a variance from the advisory guideline range under 18 U.S.C. § 3553(a). The government opposed both motions, but filed a motion for a downward departure based upon substantial assistance under United States Sentencing Guidelines (U.S.S.G.) § 5K1.1, recommending a twenty-five percent downward departure. Pamperin made a motion to compel the government to file a similar motion under § 3553(e), but the motion to compel was denied.

The district court granted Pamperin's motion for a variance under § 3553(a) prior to granting the government's motion for a downward departure under U.S.S.G. § 5K1.1. In so doing, the district court deviated from the advisory guidelines of 210-240 months to determine the mandatory minimum sentences of 120 months were the most appropriate sentences given the district court's inability to impose sentences lower than 120 months. The district court then granted the § 5K1.1 motion, imposing the mandatory 120 month minimum sentences.

II

On appeal, Pamperin argues he was deprived the benefit of his substantial assistance because the district court deviated from the advisory guideline range for non-assistance related reasons and was precluded from departing further due to the minimum sentence established by statute. Pamperin also argues the government had no legitimate purpose in refusing to file a motion for a downward departure under § 3553(e) which would have enabled the district court to impose a sentence below the statutory mandatory minimum.

Although the procedure used by the district court to arrive at the ultimate sentence did not follow the three-step process we outlined in United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005), we are without doubt the district court would have arrived at the same sentence if it correctly considered the applicable departures prior to deviating from the resulting guidelines sentencing range under § 3553(a). See United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005) ("[T]he district court must continue to determine the appropriate guidelines sentencing range, as it did pre-Booker, before it considers the other factors in 18 U.S.C. § 3553(a).") (internal quotation omitted). Accordingly, the only question before this Court is whether the government improperly withheld filing of a motion for a downward departure under § 3553(e).

A

Section 3553(e) reads, in pertinent part: "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." While

"[a]n express promise to file a motion for downward departure under 18 U.S.C. section 3553(e) or section 5K1.1 of the United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.), would be binding on the government," United States v. Kelly, 18 F.3d 612, 616 (8th Cir. 1994), where no such express promise exists, the government's discretion to file a motion under § 3553(e) is preserved. United States v. Licona-Lopez, 163 F.3d 1040, 1043 (8th Cir. 1998). Here, such discretion was expressly retained by the agreement.

Accordingly, the district court, without a motion by the government under § 3553(e), was without authority to impose a sentence below the mandatory minimum sentence of 120 months, see United States v. Melendez, 518 U.S. 120, 125-26 (1996), unless the refusal to file the motion was based upon unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992); see also United States v. Moeller, 383 F.3d 710, 713 (8th Cir. 2004) ("[S]o long as the government is exercising the statutory power conferred by [law] and its action is not based on an unconstitutional motive, its refusal to file the motion is unreviewable.").

Pamperin argues the government's refusal to file a motion for a downward departure under § 3553(e) was based on an unconstitutional motive because it was irrational and unrelated to any legitimate governmental end.[2] Wade, 504 U.S. at 186 (holding an unconstitutional motive exists where the motive is not "rationally related to a legitimate government end"); see also Licona-Lopez, 163 F.3d at 1042.

---

[2]Although there is an intra-circuit split over whether a bad faith refusal to file a motion under § 3553(e) establishes an unconstitutional motive, compare United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004) with United States v. Wolf, 270 F.3d 1188, 1191 (8th Cir. 2001) and United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994), we need not resolve this issue in the instant appeal. While the district court made clear its view the government acted in bad faith by refusing to file a § 3553(e) motion, Pamperin does not argue bad faith as a basis for establishing an unconstitutional motive.

In Wade, the Supreme Court determined a defendant arguing the government improperly withheld filing of a § 3553(e) or § 5K1.1 motion is entitled to an evidentiary hearing, discovery, or other remedy only if the defendant makes a threshold showing the government had an improper motive in refusing to file such a motion. Wade, 504 U.S. at 186. This threshold showing requires more than the presentation of evidence of substantial assistance and general allegations of improper motive, id.; Moeller, 383 F.3d at 713, because we presume a prosecutor has properly discharged her duties absent "clear evidence to the contrary." United States v. Armstrong, 517 U.S. 456, 464 (1996).

B

Pamperin suggests United States v. Anzalone, 148 F.3d 940 (8th Cir. 1998), reinstated by, 161 F.3d 1125 (8th Cir. 1998), should guide the outcome in this case. In Anzalone, we held "the government cannot base its [§ 5K1.1 motion] decision on factors other than the substantial assistance provided by the defendant." Id. at 941 (internal quotation omitted). Pamperin contends the government, when questioned by the district court regarding the reason it withheld filing the § 3553(e) motion, provided no reasons for withholding the motion. Pamperin argues this creates an inference the government's motives were irrational and illegitimate.

While we agree a refusal to provide reasons for withholding a § 3553(e) motion when asked by a district court may raise an inference of irrationality, see United States v. Stockdall, 45 F.3d 1257, 1261 (8th Cir. 1995) (remanding to the district court when the government filed § 3553(e) motions as to some counts but not others and provided no reasons for filing motions only as to some counts), we recognize the government's wide discretion in filing § 3553(e) motions when such discretion is retained by the government, see United States v. Duncan, 242 F.3d 940, 947 n.11 (10th Cir. 2001),

and conclude the government provided a sufficient and proper reason in the instant case to avoid such an inference. Accordingly, <u>Anzalone</u> is inapposite.

The government stated its belief no further reduction in Pamperin's sentence was appropriate. The government's reason for withholding a § 3553(e) motion was "based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." <u>Wade</u>, 504 U.S. at 187; <u>Moeller</u>, 383 F.3d at 713. Our case law establishes this is a rational basis for withholding a § 3553(e) motion.

Pamperin presented no evidence which goes beyond his general allegations of improper motive to establish the threshold showing required by <u>Wade</u> and its progeny. As in <u>Wade</u> and <u>Licona-Lopez</u>, there is no "evidence tending to show . . . that the Government refused to file a motion for suspect reasons." <u>Wade</u>, 504 U.S. at 186; <u>Licona-Lopez</u>, 163 F.3d at 1043. To the contrary, we find the government's reason for withholding the motion to be reasonable given the significant variance imposed by the district court.

III

For the foregoing reasons, we affirm the district court.

_____