# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1952/2154

———————

United States of America,

        Cross-Appellant/Appellee,

v.

Thomas Eugene Mills, Jr.,

        Appellant/Cross-Appellee.

\* \* \* \* \* \* \* \* \* \*

Appeals from the United States
District Court for the
Northern District of Iowa.

———————

Submitted: March 13, 2007
Filed: July 2, 2007

———————

Before MELLOY, SMITH, and BENTON, Circuit Judges.

———————

SMITH, Circuit Judge.

Thomas Eugene Mills, Jr. pleaded guilty to one count of conspiracy to distribute methamphetamine. This court reversed his original sentence in *United States v. Mills*, 375 F.3d 689 (8th Cir. 2004) (*Mills I*). On remand, the district court sentenced Mills to 120 months' imprisonment. Both Mills and the government challenge the sentence as unreasonable. We reverse and remand.

## I. *Background*

The facts of Mills's crime are detailed in our opinion *Mills I*, where we reversed the sentencing court's consolidation of several burglary offenses. *Mills*, 375 F.3d at 693. On remand, Mills's initial Guidelines sentencing range was 262 to 327 months.

The district court departed downward after concluding that Mills's criminal history was over-represented, reducing his Guidelines sentencing range to 151 to 188 months. U.S.S.G. § 4A1.3. The court then added 12 months to the bottom of the Guidelines sentencing range to take into account Mills's career-offender status, raising the range to 163 to 200 months. U.S.S.G. § 4B1.1. The court then granted the government's motion for a 30% downward departure based on substantial assistance to authorities, bringing his Guidelines sentencing range to 114 to 140 months, U.S.S.G. § 5K 1.1, a range that has a bottom six months below the 120-month mandatory statutory minimum. The government declined to file a § 3553(e) motion necessary for the district court to impose a sentence below the mandatory statutory minimum. 18 U.S.C. § 3553(e).

The district court ordered the government to explain its refusal to file the § 3553(e) motion. In response, the government argued that it lacked the authority, pursuant to 18 U.S.C. § 3742(g), to enter such a motion in a remanded proceeding and that the existing substantial non-assistance departures made filing the motion inappropriate.

Mills appeals, alleging that the district court erred when it: (1) determined he qualified as a career offender and (2) declined to compel the government to enter a § 3553(e) motion. The government cross-appeals, alleging that the district court erred by: (1) granting a downward departure based upon over-representation and (2) calculating Mills's non-Guidelines sentence. The government also asks, should we remand, that it be reassigned to a different judge within the district.

## II. *Discussion*

We review de novo whether the district court based its departure on a permissible factor; factual findings supporting a departure are reviewed for clear error, and the ultimate sentence is reviewed for reasonableness. *United States v. Tjaden,* 473 F.3d 877, 879 (8th Cir. 2007). A sentence within the Guidelines sentencing range is

presumptively reasonable. *United States v. Lincoln*, 413 F.3d 716, 718 (8th Cir. 2005). This court still reviews the sentence imposed for reasonableness under 18 U.S.C. § 3553(a), even if the sentence is within the Guidelines sentencing range. *United States v. Watson,* 480 F.3d 1175, 1177 (8th Cir. 2007). Whether a sentence is reasonable in light of § 3553(a) is reviewed for an abuse of discretion. *Id.* A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. *Id.*

## A. *Career Offender*

Mills argues that the district court erred by failing to consolidate his state burglary offenses because the state courts do not issue formal, written consolidated orders. Mills made a similar argument in *Mills I*, contending that his prior sentences were related because of a common scheme or plan. The district court, at that time, treated the prior sentences as related. We held, however, that no common scheme or plan existed and remanded the matter. On remand, the district court rejected Mills's renewed argument that the sentences should be related for sentencing purposes.

In this appeal, Mills renews his contention that his three prior burglary sentences should be treated as one. Specifically, Mills now asks this court to "relax" our requirement that cases must be consolidated in a written order so that multiple convictions can be treated as one arrest. At oral argument, Mills's counsel conceded that in order for this panel to do so, we would have to overturn established circuit precedent. Our panel is not empowered to do so. Mills must make this argument to the court *en banc*. *United States v. Blahowski*, 324 F.3d 592, 597 (8th Cir. 2003). We affirm the district court's treatment of Mills's prior felonies.

## B. *§ 3553(e) Motion*

Mills also argues that the district court erred when it did not compel the government to enter a § 3553(e) motion. Mills contends the government impermissibly declined to make the motion based upon an unconstitutional motive. Mills concedes that he never moved to compel the government to enter a § 3553(e) motion. We, therefore, review for plain error. *United States v. Olano*, 507 U.S. 725, 730 (1993).

Mills's original Guidelines sentencing range was 262 to 327 months' imprisonment. The district court's career-offender and over-representation departures reduced his range to 163 to 200 months; an additional reduction, based upon § 5K.1, lowered the Guidelines sentencing range to 114 to 140 months, a range with a bottom six months below the statutory mandatory minimum of 120 months.[1] Absent a § 3553(e) motion by the government, the district court lacked the authority to impose a sentence below the statutory mandatory minimum unless the government's refusal to file the motion was based upon an unconstitutional motive. *United States v. Hodge*, 469 F.3d 749, 754 (8th Cir. 2006); *United States v. Pamperin*, 456 F.3d 822, 824–25 (8th Cir. 2006).

The district court ordered the government to submit a formal explanation for its refusal to file the § 3553(e) motion. In its memorandum, the government offered two reasons for its refusal: (1) it lacked the authority, pursuant to § 3742(g), to enter a § 3553(e) motion on remand and (2) the substantial non-assistance departures already granted by the court made filing the motion inappropriate. The government's interpretation of § 3742(g) is incorrect. By its plain language § 3742(g) restrains only

---

[1]Mills also argues that the district court erred by considering the 5K.1 departure before it considered the 3553(a) factors. The district court did not err. See *Haack*, 403 F.3d at 997(outlining the procedure for sentencing); *United States v. Williams*, 474 F.3d 1130 (8th Cir. 2007) (discussing the role of 5K.1 and § 3553(3) in sentencing procedure).

the district court; the government's authority to make recommendations under § 3553(e) is unaffected.

In addition to its statutory-authority argument, the government also avers that, given the other non-assistance departures Mills received, filing the motion was not warranted. The government's point is well taken. We upheld a similar justification in *Pamperin*, 456 F.3d at 824–825 (8th Cir. 2006). As in the instant case, the government in *Pamperin* filed a § 5K.1 motion but not a § 3553(e) motion after the district court departed from a 210 to 240 months' Guidelines sentencing range to a 120-month mandatory-statutory minimum. The district court in *Pamperin* was not able to sentence the defendant below the 120-month mandatory minimum even though the § 5K.1 departure created a Guidelines sentencing range that was less than that statutory minimum. We held that the government's "belief no further reduction in Pamperin's sentence was appropriate" amounted to a permissible policy choice. *Id.* at 826. A criminal defendant may indeed show, in some circumstance, that the government improperly declined to make a § 3553(e) motion but Mills does not do so here. Based upon our holding in *Pamperin*, we cannot say that the government acted with an unconstitutional motive. On the record before us, the district court committed no error, plain or otherwise, in declining to compel the government to file a § 3553(e) motion.

C. *Over Representation*

On cross-appeal, the government argues that the district court erred on remand when it departed based upon Mills's over-represented criminal history. This departure, the government argues, violates § 3742(g)(2)[2], which limits permissible departures on remand. We agree. On remand, a district court may not impose a sentence outside the applicable Guidelines sentencing range unless the ground "was specifically and

---

[2]Mills was first sentenced on May 9, 2003, ten days after 18 U.S.C. § 3742(g) was enacted. Therefore, a written statement of reasons was required of the district court.

-5-

affirmatively included in the written statement of reasons required by section 3553(c) in connection with the previous sentencing of the defendant prior to the appeal." 18 U.S.C. § 3742(g)(2)(A)[3]; *United States v. Andrews*, 390 F.3d 840, 852 (5th Cir. 2004) (holding that "the plain language of § 3742(g) appears to handcuff any court on remand").

In *Mills I,* the district court erroneously consolidated Mills's prior three burglary offenses into one offense. Mills's "criminal history calculation went from category VI to category IV; his offense level went from 34 to 31; his sentencing range went from 262 to 326 months to 151 to 188 months." *Mills,* 375 F.3d at 690. On remand, the district court determined that Mills's criminal history was over-represented and departed downward, causing Mills's criminal history calculation to decline from category VI to category IV; his offense level to go from 34 to 31; his sentencing range to go from 262 to 327 months to 151 to 188 months. Criminal history over-representation does not appear as a grounds for departure in the district court's first written statement of reasons. Therefore, the departure granted by the district court violates § 3742(g). We, therefore, reverse.

## D. *3553(a) Factors*

The government also alleges that the district court failed to consider a relevant factor that should have received significant weight. Generally, the government asserts the sentence imposed did not take into account the seriousness of Mills's offense; the need to promote respect for the law and to provide just punishment for the offense; the need to deter criminal conduct and to protect the public; the need to provide Mills with necessary training and medical or other correctional treatment; and the need to avoid unwarranted sentencing disparities. Our review of the record shows that the district

---

[3]Congress enacted the restriction in order to "prevent sentencing courts, upon remand, from imposing the same illegal departure on a different theory." H.R. Conf. Rep. No. 108-66, at 59 (2003), reprinted in 2003 U.S.C.C.A.N. 683, 694.

court did not engage in the required § 3553(a) analysis. Therefore, we remand to the district court for re-sentencing with consideration of the § 3553(a) factors.

### E. *Reassignment*

Lastly, the government requests that this case be reassigned to a different judge on remand. This court is empowered to do so if we find reassignment "may be just under the circumstances." *United States v. Rogers*, 448 F.3d 1033, 1035 (8th Cir. 2006). Applying that standard, we believe reassignment is unwarranted based upon the record before us.

### III. *Conclusion*

After a careful review of the record, we remand for re-sentencing consistent with this opinion.

_____