# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2721

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Monty Butler, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: June 9, 2011

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Monty Butler pleaded guilty to conspiring to possess with intent to distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. At the time of his guilty plea, Butler entered into a Plea Agreement and a Plea Agreement Addendum. The Addendum set forth the terms under which Butler would cooperate with the government and the terms under which the government would file a motion for a substantial-assistance reduction in Butler's sentence. The government would file the motion under section 5K1.1 of the U.S. Sentencing Guidelines Manual (Guidelines) if the requisite cooperation occurred before sentencing and under Rule 35 of the Federal Rules of Criminal Procedure if the cooperation occurred after sentencing. Notably, pursuant to the Addendum, the government retained "the sole and absolute

discretion" to determine whether Butler's cooperation constituted substantial assistance within the meaning of the Guidelines or Rule 35. Plea Agrmt. Add. at 2. In addition, by signing the Addendum, Butler acknowledged that he had "no right . . . to require" the government to make a substantial-assistance motion and "no . . . remedy" if the government determined that Butler's cooperation was insufficient to warrant such a motion. Id. at 3. The District Court[1] accepted Butler's guilty plea and sentenced him to 168 months in prison, a sentence well below the advisory Guidelines range of 262 to 327 months' imprisonment, and Butler did not appeal.

Over a year later, Butler filed a pro se motion in the District Court seeking to compel the government to file a Rule 35 motion to reduce his sentence. Butler alleged that he had provided the requisite assistance and that the government had acted irrationally and in bad faith in refusing to move for a reduction in his sentence. The District Court denied Butler's motion, crediting the government's assessment that Butler did not provide the substantial assistance necessary for a Rule 35 sentence-reduction motion. Butler appeals, arguing that the government acted in bad faith in refusing to move for a sentence reduction based on his substantial assistance.

Butler's challenge is unavailing. The government exercised its "sole and absolute discretion" and determined that Butler's cooperation did not merit a motion for a sentence reduction because according to the government, the information Butler provided did not further an investigation, did not result in the arrest or prosecution of any individual, and was not fully truthful. There is no indication in the record that the government's decision not to move for a sentence reduction was improper. See United States v. Marks, 244 F.3d 971, 973 n.1 (8th Cir. 2001) ("In analyzing the application of Rule 35(b), we rely . . . upon cases decided under [Guidelines] § 5K1.1 . . . ."); see

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

also <u>United States v. Licona-Lopez</u>, 163 F.3d 1040, 1042 (8th Cir. 1998) (noting that a district court can grant a substantial-assistance departure without a motion if the court finds that the government's refusal to file the departure motion was "irrational, in bad faith, or based on an unconstitutional motive"); <u>United States v. Wattree</u>, 431 F.3d 618, 624 (8th Cir. 2005) (noting that if the government's refusal to file a substantial-assistance motion is not driven by bad faith or an unconstitutional motive, a court cannot order the government to file the motion). Accordingly, we affirm the judgment of the District Court.

_____