# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-2015

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tony W. Lake

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: February 21, 2020
Filed: February 26, 2020
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Tony W. Lake appeals after he pled guilty to a drug offense pursuant to a plea agreement containing an appeal waiver. The district court[1] imposed a Guidelines-

———————————————

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

range sentence. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

In counseled and pro se briefs, Lake asserts that the government breached a supplement to the plea agreement, and that the sentence is substantively unreasonable. Lake's pro se submissions raise prosecutorial-misconduct and ineffective-assistance claims. He also challenges the drug-quantity calculation, and the application of a Guidelines enhancement. Counsel has moved for leave to withdraw, and Lake has filed a pro se motion for new counsel.

This court rejects Lake's claim that the government breached the plea-agreement supplement, because the government's conduct was consistent with the terms of that agreement, and Lake failed to establish the conduct was based on an improper motive. *See United States v. Leach*, 491 F.3d 858, 863 (8th Cir. 2007) (plea agreements are contractual in nature, and should be interpreted according to general contract principles); *United States v. Wilkerson*, 179 F.3d 1083, 1086 (8th Cir. 1999). This court concludes there is no basis to support a claim for prosecutorial misconduct. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015) (to establish prosecutorial misconduct, defendant must show government's conduct was improper and affected his substantial rights).

To the extent Lake's ineffective-assistance claim is a challenge to the voluntariness of his plea, this court concludes the claim lacks merit, because the record shows he confirmed at the plea hearing that he was satisfied with counsel. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). To the extent Lake is attempting to raise an ineffective-assistance claim that requires development of matters outside the record, this court declines to address it in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824,

826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

The appeal waiver is enforceable as to the remaining arguments because they fall within the scope of the appeal waiver, the record shows Lake entered into the plea agreement and appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed. Counsel's motion to withdraw is granted, and Lake's pro se motion for new counsel is denied as moot.

_____